**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| **CYPRESS BAYOU INDUSTRIAL PAINTING, LLC** | § | **CIVIL ACTION NO. 3:23-CV-35** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **FED. R. CIV. P. 9(h)** |
| | § | **Admiralty Claim** |
| **THE BARGE RCM 245, HER** | § | |
| **ENGINES, MACHINERY, TACKLE,** | § | |
| **APPURTENANCES, APPAREL, ETC.,** | § | |
| *in rem* | § | |
| | § | |
| **Defendant** | § | |

## <u>VERIFIED ORIGINAL COMPLAINT</u>

COMES NOW, Cypress Bayou Industrial Painting, LLC, Plaintiff, and, pursuant to Federal Supplemental Admiralty and Maritime Rule C, brings this action against the Barge RCM 245, her engines, machinery, tackle, appurtenances, apparel, etc., *in rem*, and with respect avers as follows:

### <u>Jurisdiction and Venue</u>

1.      Cypress Bayou Industrial Painting, LLC's *in rem* claims are within the admiralty and maritime jurisdiction of the Court and are admiralty or maritime claims within the meaning of FED. R. CIV. P. 9(h).  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 *et seq*., and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.      Venue is proper because the Barge RCM 245, Official No. 1050073 ("RCM 245") is currently located in this District and Division.

## Parties

3.      Plaintiff Cypress Bayou Industrial Painting, LLC ("Cypress Bayou") is a Texas Limited Liability Corporation with its principal place of business in Orange, Texas, and is authorized to do business in Texas. Cypress Bayou is a marine and industrial services contractor who supplied necessaries to the Barge RCM 245.

4.      The Barge RCM 245 is registered under the flag of the United States, Call Sign WDM9214, Official No. 1050073. The RCM 245 is or was owned, operated, chartered or otherwise controlled by Pennentia, LLC and/or Rose Cay Maritime, LLC (these parties are collectively referred to herein as "Rose Cay Maritime"). The Rose Cay Maritime interests are bound to make payment to Cypress Bayou for necessaries provided to the Barge RCM 245. The Barge RCM 245 is within this district and within the jurisdiction of this Honorable Court, and she is presently lying at Pier 42, 320 77th St., Galveston, TX 77554.

## Factual Background

5.      Cypress Bayou contracted with the Rose Cay Maritime interests to provide goods and services to the barge RCM 245.  *See* Exhibits 1 and 2. The Rose Cay Maritime interests are the owners, owners *pro hac vice,* charterers, managers, operators, and/or agents of the RCM 245, were entrusted with the management of the RCM 245, and/or were an officer or agent appointed by the owners, charterers of the vessel and/or owner *pro hac vice*, and/or and agreed buyer in possession of the vessel.

6.      Pursuant to the Purchase Order Agreement between the parties, Cypress Bayou was to present invoices to Rose Cay Maritime, LLC c/o Pennantia, LLC after services were rendered. Upon receipt of the invoice, Rose Cay Maritime, LLC agreed to pay the

2

applicable invoice amount within net 30 days unless otherwise indicated in a written agreement.

7.      Cypress Bayou performed labor and repairs on RCM 245 in accordance with the agreement and sent multiple invoices to the Rose Cay Maritime interests, which remain unpaid.

8.      On or about July 7, 2022, Cypress Bayou sent an invoice to the Rose Cay Maritime interests for labor and services performed that amounted to $637.20. *See* Exhibit 2.

9.      On or about October 25, 2022, Cypress Bayou sent an invoice to the Rose Cay Maritime interests for labor and services performed that amounted to $138, 416.07. *See* Exhibit 2.

10.     On or about, November 1, 2022, Cypress Bayou sent two invoices for labor and services performed to the Rose Cay Maritime interests for the respective amounts: $85,709.72; and $92, 476. *See* Exhibit 2.

11.     On or about, January 5, 2023, Cypress Bayou sent an invoice to the Rose Cay Maritime interests for services rendered that amounted to $19, 663.91. *See* Exhibit 2.

12.     As of February 9, 2023, none of these invoices have been paid, in direct breach of the agreement. *See* Exhibit 2. Further, there has been no agreement for delayed payment between the parties. *See* Exhibit 1.

13.     Cypress Bayou has requested payment from the Rose Cay Maritime interests to no avail.  To date, the Rose Cay Maritime interests have not paid the balance owed to Cypress Bayou.  *See* Exhibit 1.

14.    As of February 9, 2023, the outstanding debt currently due for repair, labor and other related goods and services provided by Cypress Bayou to the RCM 245 totals at least $346,691.70.  *See* Exhibit 3.  A true and correct copy of all unpaid Cypress Bayou invoices are attached hereto as Exhibit 2 and incorporated by reference.  A statement of account for the Rose Cay Maritime interests is attached as Exhibit 3 and incorporated by reference.

15.    No payment from the Rose Cay Maritime interests has been forthcoming and all offsets and credits, if any, have been applied to the balance sought by this lawsuit.  *See* Exhibit 1.  Therefore, the Rose Cay Maritime interests and the RCM 245 are liable for this overdue unpaid balance in the amount of $346,691.70, as of February 9, 2023, as well as for invoices that become due during the pendency of this action and any additional goods and services which Cypress Bayou may be asked or forced to undertake.

16.    Such repairs, labor and related services constitute necessaries for the purposes of the Federal Maritime Lien Act, 46 U.S.C. §33141, *et seq.*, as the goods and services were reasonably necessary in and for the conduct of the business of the vessel and enabled the vessel to perform her particular function. Therefore, Cypress Bayou has a preferred maritime lien against the vessel for such domestic necessaries.

### Rule C, *in rem* against the RCM 245

17.    Cypress Bayou repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

18.    Cypress Bayou provided labor, repairs, and related goods and services to the RCM 245.  To date, the Rose Cay Maritime interests have not paid for such goods and services, despite an obligation to do so and despite demands for payment.

19.    Cypress Bayou has suffered damages and losses and is now entitled to a maritime lien for necessaries against the RCM 245 in the amount of at least $346,691.70, exclusive of interest, costs, and attorneys' fees.

## Breach of Maritime Contract, *in rem*, against the RCM 245

20.    Cypress Bayou repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

21.    Cypress Bayou provided goods and services to the RCM 245 under an agreement with the Rose Cay Maritime interests. To date, the Rose Cay Maritime interests are obligated to pay at least $346,691.70, exclusive of interest, costs, and attorneys' fees, for these services, but has failed to make payment as agreed.

## Unjust Enrichment/Quantum Meruit, *in rem*, against the RCM 245

22.    Cypress Bayou repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

23.    In the alternative and without waiving the above, Cypress Bayou is entitled to recover the amount due from the Rose Cay Maritime interests and the RCM 245 based upon promises implied by law under the theory of unjust enrichment.  Specifically, Cypress Bayou provided labor, repairs, and related services to the RCM 245, which goods and services were accepted, used, and enjoyed by RCM 245, and under such circumstances as reasonably notified the Rose Cay Maritime interests that Cypress Bayou was expecting to be paid.

24.     The actions of the Rose Cay Maritime interests in the above facts and circumstances constitute unjust enrichment.  The agreed and/or fair and reasonable value and benefit for the unpaid berthing, mooring, and related services totals at least $346,691.70, all to Cypress Bayou's actual damage in the amount of at least $346,691.70, as of February 9, 2023.

## Suit on Account, *in rem*, against the RCM 245

25.     Cypress Bayou repeats, re-alleges, and incorporates as if fully set forth herein, the foregoing paragraphs.

26.     Cypress Bayou brings this suit on a sworn account pursuant to Rule 185 of the Texas Rules of Civil Procedure.  As shown by the verified account attached hereto as Exhibit 1, Declaration in Support of Original Complaint, the Rose Cay Maritime interests promised and became bound to pay Cypress Bayou the sums of money charged on its account. Demand for payment has been made yet the Rose Cay Maritime interests have failed to pay and refuses to pay Cypress Bayou the $346,691.70 owed.

27.     The labor, repairs, and related goods and services furnished by Cypress Bayou were billed to the Rose Cay Maritime interests at the reasonable, fair and customary price, and were reasonably worth, at the time of sale and delivery, the sums of money charged therefore. *See* Exhibit 2.  As evidenced by the attached statement of account, there is a balance due, after all just and lawful offsets, payments and credits, of $346,691.70. *Id*.

## Conditions Precedent

28.     All conditions precedent have been performed or have occurred.

### Rule C

29.     Pursuant to Supplemental Rule E(5)(a), Cypress Bayou requests that the Court fix the principal amount of the bond or other security to obtain the RCM 245'S release at an amount sufficient to cover the amount of Cypress Bayou's claim with accrued interest, attorney's fees, and costs and further requests that the Court require that the bond or other security be conditioned for the maximum permitted by Rule E(5), which permits security up to twice the amount of Cypress Bayou's claim.

### Attorneys' Fees

30.     In addition to the above, Cypress Bayou seeks recovery of reasonable attorneys' fees and expenses, costs of Court, prejudgment and post judgment interest.

### Conclusion and Prayer

31.     Cypress Bayou is entitled under Rule C to arrest the RCM 245, which is subject to a maritime lien for goods and services provided by Cypress Bayou and that remain due and owing.

32.     No waiver is intended of any rights or remedies Cypress Bayou may have under any agreement among the parties or by law, which rights and remedies are specifically reserved.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Cypress Bayou prays as follows:

1.     Issue Warrant of Arrest for the RCM 245, commanding the United States Marshal to arrest the vessel and take it into custody;

2.     Order the RCM 245 to be condemned and sold to pay the costs of *custodia legis* and damages owed to Cypress Bayou;

3.     That a judgment be entered in favor of Cypress Bayou against the RCM 245, her engines, machinery, tackle, appurtenances, apparel etc., *in rem*, for at

least the $346,691.70 currently owed, plus invoices that come due during the pendency of this litigation, attorneys' fees, court costs and additional accrued interest; and

4.    That this Court grant Plaintiff such other and further relief to which it may show itself justly entitled at law, in equity, or in admiralty.

Respectfully Submitted,

CLARK HILL PLC

By:_____
David James
Texas Bar No. 24032467
SDTX Bar No. 588556
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
Telephone: (409) 351.3800
Facsimile: (409) 351.3883
Email: djames@clarkhill.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF, CYPRESS BAYOU INDUSTRIAL PAINTING, LLC**